COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

                                                NO. 
2-08-359-CR

 

 

JOHN WAYNE JENKINS                                                                    APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM THE 372ND DISTRICT
COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant John Wayne Jenkins pled guilty on November 19, 2007, to one
count of aggravated assault with a deadly weapon pursuant to a plea bargain.
The trial court suspended imposition of Appellant=s sentence pending five years= community supervision.  One
condition of Appellant=s community supervision prohibited him from contacting Kim
Jenkins without permission from the court or community supervision officers. 
The State filed a Petition to Proceed to Adjudication on January 23, 2008,
alleging Appellant failed to pay the required court costs, fine, crime stopper=s fee, and attorney=s fees due in December 2007.  By
amended petition, the State subsequently added allegations of improper contact
with Kim Jenkins.  The trial court conducted a hearing on October 10, 2008,
found Appellant violated the terms of his community supervision by directly or
indirectly contacting Kim Jenkins, adjudicated Appellant guilty of aggravated
assault with a deadly weapon, and sentenced Appellant to twelve years= confinement.  Appellant filed his
notice of appeal the same day.

Appellant=s court‑appointed appellate counsel has filed a motion
to withdraw as counsel and a brief in support of the motion.  In the brief,
counsel averred that, in his professional opinion, this appeal is frivolous. 
Counsel=s brief and motion meet the
requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), by presenting a professional evaluation of the record and demonstrating
why there are no arguable grounds for appeal.[2] 
We gave Appellant an opportunity to file a pro se brief, and Appellant filed a
letter and pro se brief that collectively raise two points.[3]

After an appellant=s court‑appointed counsel files a motion to withdraw on
the ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays
v. State, 904 S.W.2d 920, 922B23 (Tex. App.CFort Worth 1995, no pet.).  Only then
may we grant counsel=s motion to withdraw.  See Penson v. Ohio, 488 U.S.
75, 82B83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel=s brief, Appellant=s letter and brief, and the appellate
record.  We agree with counsel that this appeal is wholly frivolous and without
merit; we find nothing in the record that arguably might support any appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex. Crim. App. 2005). 
Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL: GARDNER, DAUPHINOT, and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 19, 2009









[1]See Tex. R.
App. P. 47.4.





[2]Counsel presented eight Apotential@ issues but explained that each potential issue, in
counsel=s opinion, is without merit or was not preserved.





[3]Appellant contends that he received ineffective
assistance of counsel and that the trial court improperly admitted two letters
into evidence at his revocation hearing.